

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00106-CR

SHONDELL LATRELL BOSBY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 65,246-E, Honorable Douglas Woodburn, Presiding

October 7, 2016

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Shondell Latrell Bosby, pleaded guilty to the offense of evading arrest or detention with a motor vehicle.[1] Pursuant to a plea agreement, appellant was sentenced to ten years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ); however, the sentence was suspended and appellant was placed on community supervision for a period of three years. Subsequently, the State filed a motion to revoke his probation. Appellant entered a plea of true to four allegations

_____

[1] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(B) (West Supp. 2016).

contained in the State's motion to revoke his community supervision. He also entered a plea of not true to the remaining allegations. Following a hearing, the trial court found that the allegations contained in the four paragraphs to which appellant pleaded true were, in fact, true. The trial court sentenced appellant to serve five years in the ID-TDCJ. Appellant has appealed the trial court's judgment. We will affirm.

Appellant's attorney has filed an *Anders* brief and a motion to withdraw. *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 498 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id*. at 744–45. In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment. Additionally, counsel has certified that he has provided appellant a copy of the *Anders* brief and motion to withdraw and appropriately advised appellant of his right to file a *pro se* response in this matter. *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991) (en banc). The Court has also advised appellant of his right to file a *pro se* response. Additionally, appellant's counsel has certified that he has provided appellant with a copy of the clerk's record and the reporter's record to use in preparation of a *pro se* response. *See Kelly v. State,* 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Appellant has filed no response.

By his *Anders* brief, counsel raises grounds that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed these grounds and made an independent review of the entire record to determine whether there are any

arguable grounds which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous.[2]

Accordingly, counsel's motion to withdraw is hereby granted, and the trial court's judgment is affirmed.

Mackey K. Hancock
Justice

Do not publish.

---

[2] Counsel shall, within five days after this opinion is handed down, send his client a copy of the opinion and judgment, along with notification of appellant's right to file a *pro se* petition for discretionary review. *See* TEX. R. APP. P. 48.4.